The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your request for an opinion regarding Opinion Number 87-385, issued by this Office on November 23, 1987, and Arkansas Code of 1987 Annotated 26-75-203 and 26-75-206. You have requested our review of Opinion Number 87-385 in light of these Code provisions. And you have asked, specifically, whether these provisions repeal by implication the language of A.C.A. 14-58-502 as applied to municipal sales and use taxes.
The pertinent question addressed in Opinion Number 87-385, a copy of which is attached hereto, was whether the City of Fayetteville could contribute all or any part of the local sales tax proceeds to the Fayetteville schools. That question was answered in the negative due to the language of Ark. Stat. Ann. 19-4409 and 19-4410 (now codified as A.C.A. 14-58-501 and 14-58-502, respectively), when read in conjunction with Ark. Stat. Ann. 19-4529 (Cumm. Supp. 1985) (now codified as A.C.A. 26-75-217).
A.C.A. 26-75-206 governs the pledge of local sales and use tax revenues, stating in pertinent part:
 Any city levying the tax as permitted in this subchapter is authorized to pledge all or any part of the revenues from the tax levied pursuant to this subchapter to the payment of lease rentals or principal of and interest on bonds issued by such city under the authority of any other law for the purpose of providing all or part of the funds for the construction, reconstruction, extension, equipment, acquisition, or improvement of any capital improvements of a public nature or on bonds issued to refund such bonds. . .
A.C.A. 26-75-204 should also be considered wherein it states, under subsection (a):
 Cities levying the tax as permitted in this subchapter are authorized, in addition to the authority existing under the laws of the state, to acquire, construct, equip, reconstruct, extend, and improve capital improvements of a public nature, collectively referred to as a "project," within or near such cities and are authorized to issue bonds to provide funds for accomplishing projects and to pledge all or any part of the revenues which the city is entitled to receive from the tax levied by such city pursuant to this subchapter to pay lease rentals or the principal of, interest on, and fees and expenses in connection with such bonds.
As noted in your correspondence, "capital improvements of a public nature" include "public education facilities." See A.C.A.26-75-203(3).
It becomes clear that while the city may pledge sales and use tax revenues to the payment of lease rentals or principal of and interest on bonds issued to provide funds for "capital improvements of a public nature," including "public education facilities," 26-75-203 and 26-75-206 cannot be read as authorizing the city's general contribution of sales and use tax revenues to the schools. Provisions governing the grant of financial aid to the schools, and restrictions thereon (A.C.A.14-58-501, et seq.), are unaffected by the authority granted under 26-75-204 and 26-75-206 with respect to the payment of principal and interest on city bonds.
The answer to your specific question, therefore, is that A.C.A.26-75-203 and 26-75-206 do not repeal the language of A.C.A.14-58-502 as applied to municipal sales and use taxes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:ljm enclosure